**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian J. Mullen,<br><br>    Appellant,<br><br>v.<br><br>George William Peters, Jr.,<br><br>    Appellee. | No. CV-24-00305-PHX-MTL<br><br>**ORDER** |

    Before the Court is Appellant Brian J. Mullen's ("the Trustee") appeal of the bankruptcy court's February 5, 2024 Order overruling the Trustee's objections. (Doc. 1 at 5.) The appeal is fully briefed, and the parties do not dispute the facts underlying this case. (Docs. 3, 6, 7.) For the following reasons, the order is reversed.

**I.    BACKGROUND**

    On February 7, 2023, George William Peters, Jr. ("Debtor"), filed for Chapter 7 bankruptcy, claiming exemptions under Arizona law. (Doc. 4-1 at 17-18.) The Trustee objected, arguing Debtor was not domiciled in Arizona for the full 730 days prior to bankruptcy as required by 11 U.S.C. § 522(b)(1)(A). (Doc. 4-2 at 2-3.) On August 31, 2023, the bankruptcy court held a hearing on the trustee's objection and issued final orders, finding Debtor ineligible for Arizona exemptions. (Doc. 4-8 at 2.)

    The next day, on September 1, 2023, Debtor filed his amended Schedule C to claim exemptions under Ohio law. (Doc. 4-6 at 7-8.) The Trustee objected, arguing res judicata barred Debtor from claiming the same assets under a different legal theory. (Doc. 4-11 at

2-6.) The Trustee also argued Debtor was only eligible for one exemption under Ohio law. (*Id.*) After a hearing on December 5, 2023, the bankruptcy court issued a final order that sustained the Trustee's second objection: Debtor was ineligible under Ohio law to claim all exemptions other than his life insurance. (Doc. 4-12 at 3.) Further, the bankruptcy court found res judicata did not bar Debtor from claiming the same assets under Ohio law. (*Id.*)

Then, on December 13, 2023, Debtor once again amended his Schedule C, this time to claim exemptions under federal law. (Doc. 4-13 at 2-3.) In response, the Trustee objected on various grounds, contending that res judicata barred Debtor from claiming the same assets under federal exemption law and that Debtor was ineligible for exemptions under both state and federal law. (Doc. 4-14 at 2-3, 4-7.) After full briefing and another hearing on February 5, 2024, the bankruptcy court overruled the Trustee's objections—finding that res judicata did not apply and that Debtor qualified for both state and federal exemptions. (Doc. 4-18 at 2.) The Trustee timely appealed. (Doc. 1.)

## II.   LEGAL STANDARD

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 158(a), which states "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1).

A district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *See In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). The Court must accept the bankruptcy court's findings of fact unless the Court "is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The Court reviews the evidence in the light most favorable to the prevailing party. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991); *In re Jake's Granite Supplies, L.L.C*, 442 B.R. 694, 699 (D. Ariz. 2010).

## III. DISCUSSION

The Trustee raises two issues on appeal: (1) whether the bankruptcy court erred in permitting Debtor's third attempt to exempt the same assets after Debtor's first two attempts were denied by final orders and (2) whether the bankruptcy court erred in permitting Debtor to claim federal exemptions when Debtor already had an allowed state exemption. (Doc. 3 at 4.) The Court addresses these issues in turn.

### A. Law of the Case Doctrine

Debtor argues that the law of the case doctrine precludes this Court from reconsidering an issue that has already been decided by the bankruptcy court. (Doc. 6 at 6.)

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). On appeal, "law of the case is a jurisprudential doctrine under which an appellate court does not reconsider matters resolved on a prior appeal." *Snow-Erlin v. United States*, 470 F.3d 804, 807 (9th Cir. 2006).

This Court has jurisdiction for this case because it is as an appeal from the bankruptcy court. *See* 28 U.S.C. § 158(a). The record shows that this is the first appeal of the lower court's decision. (*See* Doc. 4.) Therefore, the law of the case doctrine does not apply here.

### B. Res Judicata

The Trustee argues that res judicata bars Debtor from claiming the same assets exempt under a different legal theory after litigating and losing his first claim. (*Id.* at 6-9.) The Court finds the bankruptcy court erred when it found Debtor eligible to re-assert the same assets under a different exemption law.

Courts review a bankruptcy court's "determination of whether issue or claim preclusion applies de novo as mixed questions of law and fact in which legal questions predominate." *In re Cogliano*, 355 B.R. 792, 800 (B.A.P. 9th Cir. 2006) (cleaned up); *see also In re Paine*, 283 B.R. 33, 39 (B.A.P. 9th Cir. 2002) ("Claim and issue preclusion apply

- 3 -

in bankruptcy.").

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *GP Vincent II v. Estate of Beard*, 68 F.4th 508, 514 (9th Cir. 2023) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies if the earlier litigation involved the same claim as the later lawsuit, reached a final judgment on the merits, and involved the same parties. *Id.* (citation omitted). In the unique context of bankruptcy, "the principle of res judicata should be invoked only after careful inquiry because it blocks unexplored paths that may lead to truth." *In re Enewally*, 368 F.3d 1165, 1172-73 (9th Cir. 2004) (quoting *Latman v. Burdette*, 366 F.3d 774, 784 (9th Cir. 2004)).

### 1.   Identity of Claims

The first element of res judicata requires courts to examine the identity of the claims. When evaluating this element, courts use a four-factor analysis:

> (1) whether the rights or interests established by the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts.

*GP Vincent II*, 68 F.4th at 515 (citing *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)). The fourth factor is generally deemed the most important, with the Ninth Circuit often holding the "common nucleus criterion to be outcome determinative under the first res judicata element." *Mpoyo*, 430 F.3d at 988.

The Trustee argues res judicata bars Debtor from "fil[ing] three different exemption claims in the same assets." (Doc. 3 at 6.) In support, the Trustee cites *In re Bryan*, 466 B.R. 460, 465 (B.A.P. 8th Cir. 2012), *In re Magallanes*, 96 B.R. 253, 256 (B.A.P. 9th Cir. 1988), and *In re Cogliano*, 355 B.R. at 803, to argue Debtor cannot exempt the same assets under different exemption laws. (*Id.* at 7.) The bankruptcy court previously stated these cases were unpersuasive because they involved instances:

> [W]here the debtor tried to recast the exemptions under the same exemption scheme . . . . None of them involved a situation where one state or the federal law was chosen as the exemption rules against, and then the party attempted to assert the same assets as exempt only under a different scheme.

(Doc. 4-19 at 14-15.) In light of this, the bankruptcy court ruled that res judicata did not bar Debtor from amending his exemptions under Ohio law. (*Id.* at 18.) Similarly, the bankruptcy court later found res judicata did not bar Debtor from amending his exemptions under federal law because it "[was] an entirely new issue." (Doc. 4-20 at 10.)

Here, Debtor's claimed exemptions under Arizona, Ohio, and federal law arise out of the same nucleus of operative facts. Each time Debtor amended his exemptions, he copied the same facts and merely substituted which exemption law applied. For example, Debtor listed the same assets (e.g., home, car, household goods, bank accounts, etc.) at the same value in each Schedule C, with the exception of his car value which likely reflects its depreciation over time. (Docs. 4-1 at 17-18, 4-6 at 7-8, 4-13 at 2-3.) As a result, the bankruptcy court had to conduct a similar analysis of Debtor's assets, financial history, liabilities, residency, etc.—regardless of which legal scheme Debtor chose to assert. None of Debtor's amendments changed his liabilities or the underlying facts of his financial status. Therefore, the Court finds that the common nucleus criterion is satisfied because each amended exemption related to the same set of facts.

Other factors also support a finding that the "identity of claims" element is satisfied. For instance, Debtor would need to present "substantially the same evidence" for his homestead exemptions. *Mpoyo*, 430 F.3d at 987. Because Arizona, Ohio, and federal exemptions laws require the homestead to be used as a dwelling or residence, Debtor would need to present the same evidence to show whether the homestead is used in the appropriate manner. *See* A.R.S. § 33-1101(A) (explaining that homestead exemption should not exceed $250,000 in value in real property where the person resides); Ohio Rev. Code Ann. § 2329.66(A)(1) (stating that person domiciled in Ohio may claim up to $125,000 in real property the person uses as a residence); 11 U.S.C. § 522(d)(1) (permitting debtor to

exempt up to $27,900 in real property the debtor uses as a residence).[1]

For the above reasons, the first element of res judicata is satisfied.

### 2. Final Judgment on the Merits

The second element of res judicata hinges on whether the earlier lawsuit "reached a final judgment on the merits." *Myopo*, 430 F.3d at 987 (citation omitted). In the Ninth Circuit, "an order denying an exemption constitutes a final appealable order." *In re Gilman*, 887 F.3d 956, 961 (9th Cir. 2018); *Warfield v. Nance*, 658 B.R. 152, 165 (D. Ariz. 2024).

The Trustee argues that the bankruptcy court's ruling on Debtor's exemptions constitute final orders. (Doc. 3 at 4, 8.) Debtor argues that he has a right to amend his Schedule C any time prior to the closing of his case. (Doc. 6 at 5.)

Debtor is allowed to amend the Schedule C form before the closing of the case. *See* Fed. R. Bankr. P. 1009 ("A voluntary petition, list, schedule or statement may be amended by the debtor as a matter of course at any time before the case is closed."). Debtor, however, should have filed the amendment *before* the bankruptcy court issued its orders sustaining the Trustee's objections because these orders constitute a final judgment on the merits. *See In re Gilman*, 887 F.3d at 961-62; *In re Albert*, 998 F.3d 1088, 1090 (9th Cir. 2021) (clarifying "that a bankruptcy court's prior rejection of claimed exemptions preclusive weight"); *see also In re St. Hill*, No. 04-30919F, 2005 WL 6522764, at *10 (Bankr. E.D. Pa. Sept. 2, 2005) (noting that when a trustee objects to an exemption, the debtor must make any necessary amendments prior to any ruling, not afterward). As a result, the second element of claim preclusion is satisfied.

### 3. Identity of the Parties

The final element of res judicata is whether the earlier lawsuit "involved identical parties." *Mpoyo*, 430 F.3d at 987 (citation omitted). Although Debtor does not contest whether this element is satisfied, the Court finds the parties here and the parties to the bankruptcy proceedings are the same. (*See* Docs. 4-19 at 2, 4-20 at 2.)

---

[1] The Ohio Revised Code requires a person claiming a homestead exemption to be domiciled in that state. Ohio Rev. Code § 2329.66(A).

- 6 -

### 4. Conclusion

The bankruptcy court erred when it overruled the Trustee's objection that res judicata barred Debtor's amended exemptions. Although Debtor argues he has the right to amend his schedules at any time prior to the closing of his case, this right is not absolute. (Doc. 6 at 5.) Because the bankruptcy court issued two final orders regarding Debtor's first and second amended exemptions, Rule 1009(a) does not entitle Debtor to amend his exemptions again under a new legal theory. Fed. R. Bank. P. 1009(a); *In re Wolfberg*, 255 B.R. 879, 883 (B.A.P. 9th Cir. 2000), *aff'd*, 37 F.App'x 891 (9th Cir. 2002).

Therefore, for the reasons discussed above, all the elements of res judicata are satisfied. To hold otherwise would permit a debtor to "delay matters by claiming the same property as exempt time and time again," which would contravene the burdens res judicata is designed to void. *In re Albert*, 998 F.3d at 1092; *see e.g., In re St. Hill*, 2005 WL 6522764, *9 (Bankr. E.D. Pa. 2005) ("[W]here a debtor has claimed certain property as exempt, the bankruptcy trustee has objected to that exemption claim, and there has been a final, non-appealed ruling sustaining the trustee's objection, all of the elements of claim preclusion have been established.")

### C. Federal Exemptions Are Not Permitted

The Court now turns to whether Debtor can claim exemptions under both Ohio and federal law. Debtor argues the last sentence in 11 U.S.C. § 522(b)(3) of the Bankruptcy Code—known as the hanging paragraph—permits him to claim exemptions under both state and federal law. (Doc. 6 at 7-8.) The bankruptcy court agreed, relying on *In re Withington*, 594 B.R. 696, 707 (Bank. D. Colo. 2018). (Doc. 4-20 at 14.) The Trustee argues the bankruptcy court erred because the plain language of the hanging paragraph does not support a finding that debtor is entitled to exemptions under both laws. (Doc. 3 at 12.) Debtor argues that exemption laws should be construed liberally in favor of debtors, meaning that the statute should be interpreted to allow Debtor to claim both Ohio and federal exemptions here. (Doc. 6 at 7-8.)

When a debtor has lived in different states prior to filing the bankruptcy petition,

Section 522(b)(3)(A) of the Bankruptcy Code provides:

> (3) Property listed in this paragraph is—
>
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such a 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

11 U.S.C. § 522(b)(3)(A) (emphasis added). Section 522(b)(2) permits states to opt out of federal exemptions and limit their residents to state-created exemptions. As a result, the domiciliary requirements in 11 U.S.C. § 522(b)(3)(A) may render the debtor ineligible for any exemption if the applicable state exemption law restricts the use of state exemptions to in-state residents. *In re Rodenbough*, 579 B.R. 545, 551 (Bankr. D. Idaho 2018). To remedy this effect, Congress enacted the hanging paragraph, which permits a debtor to claim federal exemptions under 11 U.S.C. § 522(d). It states:

> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for *any* exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b)(3) (emphasis added).

Here, Debtor was not domiciled in Arizona for more than 730 days prior to the bankruptcy; therefore, the bankruptcy court properly found Debtor ineligible for exemptions under Arizona law. (Doc. 4-19 at 4.) In the 180 days preceding the 730-day period before filing the bankruptcy petition, Debtor lived in Ohio. (*Id.* at 8.) The bankruptcy court found Debtor had to claim exemptions under Ohio law. (*Id.*) However, many of the Ohio exemption laws require the person claiming them to be domiciled in

- 8 -

Ohio. Ohio Rev. C. 2329.66(A). (Doc. 4-19 at 16-17.) Because Debtor was living in Arizona at the time he filed the bankruptcy petition, the bankruptcy court found that under Ohio law, Debtor was ineligible to claim any exemptions other than his life insurance claim. (*Id.* at 17.) The parties now dispute whether Debtor qualifies for federal exemptions under the hanging paragraph when Debtor was previously allowed a claim under Ohio law for his life insurance. (Docs. 3 at 9-12, 6 at 7-8.) The Court finds that the bankruptcy court erred when it found Debtor eligible for both state and federal exemptions.

Section 522(b)(3) allows a debtor to claim federal exemptions under § 522(d) when the debtor is "ineligible for *any* exemption." 11 U.S.C. § 522(b)(3) (emphasis added). Although the Bankruptcy Code does not define "any," courts generally give words their ordinary plain meaning by "consulting common dictionary definitions" when a statute does not define a term. *Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088, 1093 (9th Cir. 2019); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 69 (2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation."). Any means "one, some, or all indiscriminately of whatever quantity." *Any*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/any (last visited Nov. 7, 2024).

Under the plain language of the hanging paragraph, the federal exemptions are only available to debtors who are "ineligible for *any* exemption." 11 U.S.C. § 522(b)(3) (emphasis added). *See, e.g.*, *In re Rodenbough*, 579 B.R. at 551 ("[I]f a debtor has access to 'any' exception, then the resort to the federal exemptions is not employed."); *In re Karavias*, 438 B.R. 86, 88 (Bankr. W.D. Pa.2010) ("[B]ecause such debtor is then left without any exemption at all, such debtor is thus entitled to take the federal exemptions under § 522(d)."); *In re Kauer*, 2020 WL 4195758, *3 (Bankr. D. Ariz. 2020) ("Even those courts that interpret the word 'any' in § 522(b)(3)(A) literally recognize that the debtor must be eligible for and receive the exemption." (emphasis removed)). Therefore, because Debtor qualifies for the life insurance exemption under Ohio law, he is ineligible to claim federal exemptions under the hanging paragraph. *See* 4 Collier on Bankr. P. 522.06 (16th

2024) ("Thus, the phrase 'ineligible for any exemption' in the sentence is best construed as applying when the debtor is ineligible for *any single* exemption under the state exemption scheme, rather than ineligible for all exemptions." emphasis added)).[2]

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED reversing** the bankruptcy court's February 5, 2024 Order (Doc. 4-18) in its entirety. This action is remanded to the bankruptcy court for further proceedings consistent with this decision.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in favor of Trustee Brian J. Mullen and to close this case.

Dated this 22nd day of November, 2024.

Michael T. Liburdi
United States District Judge

---

[2] The Court recognizes the meaning of "any" in the hanging paragraph is widely disputed among bankruptcy courts. For example, some courts find the debtor eligible to claim federal exemptions only if the debtor is entirely ineligible for all state exemptions due to 522(b)(3)(A)'s domiciliary requirements. *E.g., In re Goldstein*, No. 20-20406, 2021 WL 5443542, at *9 (Bankr. D. Me. Nov. 19, 2021). Meanwhile, other courts hold that a debtor is ineligible to invoke the hanging paragraph if he qualifies for even one state exemption. *E.g., In re Wilson*, No. 14-20557, 2015 WL 1850919, at *4 (Bankr. D. Idaho Jan. 13, 2015).

- 10 -